IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**DARREN L. GREEN,**               :

    **Plaintiff,**              :

**vs.**                            :   **CIVIL ACTION 05-00702-WS-B**

**SHERIFF GROVER SMITH,** *et al.*,  :

    **Defendants.**             :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate incarcerated in the Monroe County Jail, has brought this action pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff asserts that while housed at Escambia County Jail, the jail officials failed to provide him with appropriate medical care.  Plaintiff has also filed a Motion for Injunction (Doc. 2).  In his motion, which the Court is treating as a request for a temporary restraining order, Plaintiff seeks an order directing the Monroe County jail officials to take him to the doctor, and to fill his prescription for high blood pressure medication.  Plaintiff's motion has been referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S. C. § 636(b)(1)(B), Local Rule 72.2 and the standing order of general reference.  Based upon a review of Plaintiff's motion and complaint, it is recommended that Plaintiff's Motion for an Injunction be **DENIED.**

In order to prevail on a request for a temporary restraining order, Plaintiff must show: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002); Zardui-Quinatana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). A temporary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four requisites. Id. at 1216; McDonald's Corp. V. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1988). It is mandatory that all four factors are satisfied. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). Moreover, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

In the case *sub judice*, Plaintiff has failed to show that there is a substantial likelihood that he will ultimately prevail on the merits of this action, nor has Plaintiff established that he will suffer irreparable injury unless the injunction issues. In fact, in his one page motion, Plaintiff does not even allege

that he has actually requested medical attention. Additionally, Plaintiff provides no facts which suggest that he will suffer irreparable harm, or that he is in imminent danger. Interestingly, in a letter to the Court, filed nearly two months after his request for an injunction (Doc. 4), Plaintiff makes no mention of the need for medical attention.

Because Plaintiff has failed to establish the prerequisites needed to show that a temporary restraining order should be issued, it is recommend that his motion be **DENIED.**

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **8th** day of **August 2006**.

                                                             /S/ SONJA F. BIVINS  
                                            **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.

Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    **DONE** this the **8th day** of **August 2006**.

                               /s/ SONJA F. BIVINS
                       **UNITED STATES MAGISTRATE JUDGE**