```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

**DARREN L. GREEN,**            :

    **Plaintiff,**            :

vs.                             :  CIVIL ACTION 05-00702-WS-B

**SHERIFF GROVER SMITH,** *et al.*, :

    **Defendants.**          :


### REPORT AND RECOMMENDATION

Plaintiff, a Monroe County Jail inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state a claim upon which relief may be granted.

**I.  Complaint (Doc. 1).**

In his Complaint, Plaintiff names as Defendants Grover Smith, Sheriff of Escambia County Sheriff's Department, and Lt. Valerie Williams, Jail Administrator of Escambia County Jail ("jail"). Plaintiff's claims are based on his alleged treatment at the Escambia County jail.  jeopardy. According to Plaintiff, during his first night at the jail on June 19, 2005, he was placed in the holding cell, where he fell off a small bench. Plaintiff

asserts that he injured his arm, which had been previously amputated and still held bullets, and that painful small blood clots formed as a result. The following morning, at the direction of Sheriff Smith, Plaintiff was transferred to an isolation cell. Plaintiff avers that because of the extreme pain he was experiencing, his wife brought his prescription medication to the jail. Plaintiff pleaded to see a doctor; however, a week passed before he was seen by a medic.

The medic told Plaintiff that the clots would eventually disperse by themselves and denied Plaintiff's request to see a doctor. The medic gave Plaintiff Ibuprofen and told him that the medication that his wife had brought was missing. Plaintiff was sent back to isolation where he remained for the entirety of his four and one-half month stay, although he had not received a disciplinary. Plaintiff contends that due to the severity of his pain, he requested to see the doctor numerous times. According to Plaintiff, he was transferred to the Monroe County Jail on the day that he received the complaint form packet from the Court.

Plaintiff maintains that Sheriff Smith denied him "critical or proper medical attention" and is responsible for his deputies' and special deputies' actions. Plaintiff also claims Lt. Williams denied him "critical or proper medical attention" and did not respond to his grievances and requests. Plaintiff seeks to have the jail's policy changed so as to prevent another's life from being

placed in jeopardy.

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King &

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint.  Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 9 20-21 (2007).

### III. Discussion.

In his Complaint, the relief requested by Plaintiff is that the Escambia County Jail's policy be changed to prevent another's life from being placed in jeopardy.  This request for injunctive relief coupled with  Plaintiff's transfer away from the complained of conditions are dispositive of this action. "[A]n inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once an inmate has been transferred."  Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.) (quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)), cert. denied, 488 U.S. 1046 (1989); see Asad v. Crosby, 158 Fed. Appx. 166, 168 n.2 (11th Cir. Nov. 9, 2005) (unpublished).  Mere "[p]ast exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."  Wahl, 773 F.2d at 1173 (citing O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S.Ct. 669

(1974)).

In Spears, supra, an Alabama prison inmate complained about West Jefferson's administrative segregation's conditions of confinement. After the plaintiff filed his complaint, the plaintiff was transferred from West Jefferson Correctional Facility to another facility. The Eleventh Circuit Court of Appeals found that the plaintiff's claims for injunctive and declaratory relief based on the conditions of confinement at West Jefferson's administrative segregation unit did not present a case or controversy because the plaintiff had been transferred away from the complained of conditions. Id. at 1328. Thus, the court ruled that the plaintiff's claims for injunctive and declaratory relief were moot. Id.

In the present action, Plaintiff is no longer incarcerated at the Escambia County Jail and is not subject to the complained of conditions of confinement. Furthermore, absent from Plaintiff's allegations is "any continuing present injury or real and immediate threat of repeated injury" to Plaintiff. Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) ("[s]ince Dudley is no longer in the custody of county jail officials, the most that can be said for his standing is that if he is released from prison, is convicted of another crime and is incarcerated in the Daugherty County Jail, he might again be subject to disciplinary confinement without due process," which is "too speculative to create an actual controversy

sufficient for a declaratory judgment to be entered.") (emphasis in original); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) ("The most that can be said is that if Cotterall is again incarcerated in a minimum security facility and again charged with a disciplinary infraction, he might again be transferred to Coffee County jail.  This is too speculative.").  Thus, the undersigned concludes that Plaintiff's action for injunctive relief based on his conditions of confinement at the Escambia County Jail is moot.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **31st** day of **July 2007.**

                                             **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 6
36(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.